**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **SUSAN REBECCA TELLER,** | ) | **CASE NO. 1:18 CV 1603** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WHITE & CASE, LLP.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

  *Pro se* Plaintiff Susan Rebecca Teller has filed a "Criminal Complaint" in this matter against the law firm White & Case, LLP. (Doc. No. 1.) Although her allegations are unclear and difficult to parse, she alleges that White & Case represents "the U.S. business interests of Aramco the Saudi National oil company," and violated her constitutional rights to life, liberty, property, and equal protection by "robbing millions of dollars in natural gas and oil property and inheritance rights to said mineral rights from [her] and [her] family contained within the Utica Shale Region of West Virginia." (*Id.* at 1, 2.) She seeks restitution and other relief from this Court for purported "crimes" against her and her family in connection with their mineral and property rights. (*See id.* at 15.) With her Complaint, the plaintiff has filed application to proceed *in forma pauperis*. (Doc. No. 2.) That application is granted, and for the reasons stated below, her Complaint is dismissed.

  *Pro se* pleadings must be liberally construed. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). This principle, however, is not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic pleading

requirements, and courts are not required to conjure allegations on their behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court finds that the plaintiff's complaint must be dismissed under § 1915(e)(2)(B).

Although the plaintiff does not appear to reference the federal civil rights statute, 42 U.S.C. § 1983, in her Complaint, § 1983 is the only statutory vehicle the plaintiff may use to redress any alleged violations of her federal constitutional rights. *See, e.g., Lomax v. Hennoy*, 151 F.3d 493, 500 (6th Cir. 1998). A private citizen has no authority or private right of action to compel or initiate a federal criminal prosecution, as the plaintiff seeks to do here. *See Saro v. Brown*, 11 Fed. App'x 387, 388, 2001 WL 278284 (6th Cir. 2001).

Further, to establish a claim under § 1983, a plaintiff must show that she suffered a constitutional violation committed by person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The plaintiff has not alleged facts plausibly suggesting that White & Case, a private law firm, engaged in state action that caused a violation of her constitutional rights. *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (§ 1983 action dismissed where the plaintiff's allegations were insufficient to establish that the defendants engaged in state action).

Additionally, in order to survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a complaint must contain "sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The unclear and conclusory assertions and statements set forth in the plaintiff's Complaint fail to meet these requirements, or suggest she has any plausible federal civil rights claim upon which she may be granted relief in this case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## Conclusion

Accordingly, the plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 *s/ Dan Aaron Polster*    10/15/2018
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

-3-